Case 2:06-cv-01126-MEF-TFM    Document 8    Filed 02/26/2007    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERATON JEROME SMITH, #211 796 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-1126-MEF (WO) |
| D. BELL, *et al.*, | * | |
| Defendants. | * | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which Plaintiff, a state inmate, complains that Defendants failed to afford him sufficient protection from the conduct and/or actions of his cellmate. Plaintiff names Sergeant Woods and Correctional Officers Bell and Ivey as Defendant in this cause of action. Plaintiff seeks declaratory relief. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. FACTS

On July 16, 2006 at 7:30 a.m., Plaintiff informed Officers Bell and Ivey that his cellmate threatened to stick and kill him with an ink pen. Plaintiff complains that Defendants refused to move him after he reported this threat. Approximately 35 minutes later Plaintiff

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

was taken to the segregation office. He informed Sgt. Woods about the threats. Plaintiff also told Sgt. Woods that he "was gonna do what [he] had to do. Fight or whatever because he wanted to write [him] a disciplinary anyway." Approximately ten minutes after being returned to his cell, Plaintiff placed his cellmate in a choke hold after he masturbated in Plaintiff's face and made crude sexual remarks to him. Officers Bell and Ivey instituted disciplinary proceedings against Plaintiff for violating institutional rules prohibiting inmate-on-inmate assaults. Plaintiff received 45 days disciplinary segregation as a result of the disciplinary. (Doc. No. 1 at pgs. 2-3.)

## II. DISCUSSION

*A. The Failure to Protect Claim*

Prison officials have a duty not to disregard a known risk to inmate safety. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990). In a prison setting, the court is mindful that confrontations among inmates are a daily occurrence as prisoners engage in an unending struggle for position and power among the incarcerated.

Here, the facts show that Plaintiff reported his cellmate's threats of harm to correctional staff who discussed the matter with Plaintiff and concluded that he should remain in his assigned cell. Shortly after being returned to his cell from the segregation office, Plaintiff assaulted his cellmate. There is, however, no allegation that Plaintiff was in any way harmed by his cellmate or that the cellmate assaulted Plaintiff. Plaintiff, therefore, has failed to allege facts which, if proven, would satisfy the objective element of an Eighth Amendment failure to protect claim. Further, Plaintiff has not demonstrated

Defendants' deliberate indifference. Plaintiff apparently discussed his cellmate's behavior with Defendants. The allegation that they decided not to move him from the cell, in and of itself and in light of the facts presented, does not rise to the level of deliberate indifference necessary to state an Eighth Amendment claim *See Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) ("the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety.") Thus, Plaintiff has failed to state a claim against Defendants under the Eighth Amendment with regard to the behavior of his cellmate.

*B. The Due Process Claim*

Plaintiff had disciplinary proceedings instituted against him for assaulting his cellmate. His punishment included 45 days of disciplinary segregation. To the extent Plaintiff contends that the disciplinary proceedings and attendant punishment violated his constitutional rights, he is entitled to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991). The actions about which Plaintiff complains do not rise to the level of a constitutional violation and, therefore, cannot provide the basis for relief in a case filed pursuant to 42 U.S.C. § 1983.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property

-3-

without due process of law." The Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[2] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause... But theses interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483-84 (1995) (footnote added) (citations omitted).

Under *Sandin*, an inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his housing assignment. *Cf. Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("[t]he Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."). Thus, Plaintiff's placement in segregation for 45 days, without more, is simply not an atypical or significant hardship incident to ordinary prison life. *Sandin*, 515 U.S. at 483-84. Because Plaintiff's allegations fail to assert a deprivation of any constitutionally protected liberty interest, he has no entitlement to due process in connection therewith.

### III. CONCLUSION

---

[2] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

-4-

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 10, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of February 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE